**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division )**

CAROLE FAYE DIAMOND

      Plaintiff

v.

UNITED AIRLINE, INC., *et al.*

      Defendants

CIVIL NO. 1:09-CV-01595-WDQ

**DEFENDANT TRAVEL GUARD GROUP, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) OR, IN THE ALTERNATIVE, FED. R. CIV. P. 12(b)(6)**

Defendants Travel Guard Group, Inc. (hereinafter "Travel Guard"), by and through undersigned counsel, hereby files its Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, 12(b)(6) and, in support, states as follows:

**INTRODUCTION**

Plaintiff Carole Faye Diamond filed the above-captioned action alleging that she incurred medical expenses resulting from injuries sustained while on board a United Airlines (hereinafter "UAL") flight operated by Mesa Airlines, Inc. (hereinafter "Mesa"), who are sued for negligence in Count I of this action.  In Count II, Plaintiff alleges that she purchased an insurance policy from Travel Guard that included coverage for, *inter alia*, accident and sickness medical expenses that would have included the expenses incurred from her alleged injuries on board the flight. Ms. Diamond then alleges that Travel Guard has not made any payment for her medical expenses.

Plaintiff alleges that jurisdiction is proper under 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.   However, with regard to Travel Guard, Plaintiff alleges that she is only entitled to $25,000 in damages for breach of contract, which is the sole count against Travel Guard.   Since it is a legal certainty that Plaintiff cannot recover more than $25,000 from Travel Guard and Travel Guard cannot be held jointly liable for any other claim, there is no independent diversity jurisdiction.   Furthermore, supplemental jurisdiction is unavailable pursuant to 28 U.S.C. §1367(b).   Thus, Count II must be dismissed for lack of subject matter jurisdiction.

Additionally, Plaintiff fails to allege, and cannot allege, that she satisfied the condition precedents for payment under the policy.   Specifically, Plaintiff has failed to plead that she filed a claim with Travel Guard or a statement of her alleged medical expenses.   Accordingly, this claim fails for lack of ripeness.   For the reasons stated herein, Travel Guard is entitled to have this Count II of this Complaint dismissed.

## FACTS

On or about June 21, 2007, Plaintiff boarded UAL flight 7379 as a ticketed passenger traveling to Rapid City, South Dakota.   See Complaint at ¶ 7.   While on board flight 7379, Plaintiff allegedly suffered injuries that occurred while the plane was experiencing turbulence. See Compl. at ¶¶ 10 and 11.   These alleged injuries caused Plaintiff to be transported by ambulance from the airport in Rapid City, South Dakota to the Rapid City Regional Hospital where she received initial care for her injuries.   See Compl. at ¶ 12.   Plaintiff allegedly incurred medical expenses as a result of her injuries.   See Compl. at ¶ 14.

Prior to her trip, Plaintiff purchased travel insurance with Travel Guard.   See Compl. at ¶ 17.   The policy included coverage for accident and sickness medical expenses in the amount of

$25,000.  See Compl. at ¶ 17.  Travel Guard allegedly has not made any payment for Plaintiff's medical expenses pursuant to this policy.  See Compl. at ¶ 18.

## STANDARD FOR GRANTING MOTION TO DISMISS
## UNDER FED. R. CIV. P. 12(b)(1)

Under Fed. Civ. P. 12(b)(1), it is the plaintiff who must prove that subject matter jurisdiction exists.  O'Meara v. Waters, 262 F. Supp 2d. 474, 476 (D. Md. 2006)(citing Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)).  A motion to dismiss for lack of subject matter jurisdiction may contend either that (1) the complaint fails to allege facts sufficient to establish jurisdiction or (2) the alleged jurisdictional facts are untrue.  Proctor v. Metro. Money Store Corp., 579 F. Supp. 2d 724, 730 (D. Md. 2008)(citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Where a defendant challenges the sufficiency of facts pleaded (as opposed to their veracity), the Court must accept the allegations as true and construe them in the light most favorable to the plaintiffs, just as it does when evaluating a motion to dismiss under Rule 12(b)(6). Id. A motion to dismiss filed under Fed. R. Civ. P. 12(b)(1) will be granted only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, F. & P. R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

## STANDARD FOR GRANTING MOTION TO DISMISS
## UNDER FED. R. CIV. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  A plaintiff's obligation to provide grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atlantic v. Twombly, 550 U.S 544, 555-56 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id.  No matter the standard used, the Court must

consider all well-pleaded allegations in a complaint as true, *see* <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see* <u>Lambeth v. Bd. of Comm 'rs of Davidson County</u>, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, <u>United Black Firefighters v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," <u>Veney v. Wyche</u>, 293 F.3d 726, 730 (4th Cir. 2002)(internal quotation marks omitted).  <u>Proctor v. Metro. Money Store Corp.</u>, 579 F. Supp. 2d 724, 731 (D. Md. 2008).

## ARGUMENT

**A.    Travel Guard is entitled to dismissal pursuant to Fed. R. Civ. 12(b)(1) because this Court lacks subject matter jurisdiction over the claim against Travel Guard.**

Plaintiff alleges that this Court has subject matter jurisdiction because "[t]here exists diversity of citizenship pursuant to 28 U.S.C. §1332, because Plaintiffs are residents of Maryland and Defendants are corporations incorporated in the States of Delaware, Nevada, and Wisconsin and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000) exclusive of interest and fees."  See Compl. at ¶5. However, Count II for breach of contract, a state law claim, is the only count in which Travel Guard is implicated, does not implicate any other defendant and seeks only $25,000 in damages.  Due to the nature of the claim against Travel Guard, there is no independent diversity jurisdiction under 28 U.S.C. §1332 or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[1]

---

[1] In the Complaint, Plaintiff does not purport to rely on 28 U.S.C. § 1367; however, Plaintiff has no other basis on which it can rely on to support the propriety of its jurisdiction.   Therefore, Travel Guard has incorporated analysis relating to supplemental jurisdiction.

Assuming arguendo that Plaintiff's claim against Defendants UAL and Mesa is jurisdictionally proper, Plaintiff must still demonstrate that this Court has subject matter jurisdiction over Travel Guard.  First, Count II of the Complaint is solely against Travel Guard.  *See* Compl. at ¶¶16-18.  Travel Guard has not been implicated under Count I, the only other Count in the Complaint.  *See* Compl. at ¶¶ 7-15. Moreover, Count II is, unquestionably, a state law breach of contract claim and there is no federal question under 28 U.S.C. §1331.

Next, "to justify dismissal in a diversity case for failure to meet the amount in controversy requirement, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." <u>Sekisui TA Indus., LLC v. Quality Tape Supply, Inc.</u>, 2009 U.S. Dist. LEXIS 61983 at pp. 6-7 (D. Md July 19, 2009)(citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289, (1938). Plaintiff alleges that she purchased a $25,000 policy from Travel Guard, which Travel Guard has allegedly refused to pay.  *See* Compl. at ¶ 17. Accordingly, she is seeking a maximum $25,000 in damages from Travel Guard.  Seeing as she cannot legally recover more than the value of the policy in a breach of contract action, it is a legal certainty that her recovery is limited to $25,000 from Travel Guard if she prevails. Thus, her claim does not independently meet the $75,000 amount in controversy requirements set forth in 28 U.S.C. §1332.

Without original jurisdiction under 28 U.S.C. §1332 or another federal question jurisdiction, the Court must then determine whether there is supplemental jurisdiction under 28 U.S.C. §1367, which would allow the claim to remain in this Court.  In the recent opinion in <u>AGV Sports Group, Inc. v. Protus IP Solutions, Inc.</u>, this Court analyzed supplemental jurisdiction in an action involving plaintiffs who had brought claims against multiple defendants based on diversity of citizenship.  2009 U.S. Dist. Lexis 58264 at 1-2 (D. Md. July 1, 2009),

attached hereto as Exhibit 1. Even though there were claims against certain defendants that exceeded $75,000, the only claim brought against one defendant (Defendant Jay) sought $32,500, which did not independently satisfy the requirements of diversity jurisdiction under §1332. Id. at 30-31. Since the only claim against Defendant Jay did not independently meet the requirements for diversity jurisdiction, the Court agreed with Defendant Jay's contention that the only basis for joining him was permissive joinder under Fed. R. Civ. Pro. 20. Id. at 31. However, even if Defendant Jay was permissively joined under Fed. R. Civ. P. 20, the Court concluded that 28 U.S.C. "§1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20." Id. at 34 (citing Exxon Mobil v. Allapattah, 545 U.S. 546, 650 (2005)). Thus, the Court held that if plaintiffs' claims against separate defendants do not each satisfy the minimum amount in controversy against each defendant, then supplemental jurisdiction is unavailable against the defendants who did not independently meet the requirements diversity jurisdiction. Protus IP 2009 U.S. Dist. Lexis at 34.[2] Thus, the Court dismissed Defendant Jay because Plaintiff had failed to plead and could not support its claim that the U.S. District Court had subject matter jurisdiction.

Travel Guard's position is nearly identical to that of Defendant Jay and, accordingly, Travel Guard must be dismissed for lack of subject matter jurisdiction. Like Defendant Jay, there is only one count pending against Travel Guard and, through it, Plaintiff seeks recovery for a sum that is less than the jurisdiction requirement set forth to maintain an action based on diversity. Moreover, Travel Guard is not alleged to be jointly liable with UAL and Mesa in the

---

[2] As additional support, the Court quoted Moore's Federal Practice §106.45[3] stating:

> A variation of the diversity jurisdictional amount issues involves the joinder of claims by a single plaintiff against two or more defendants, some of which allege a sufficient jurisdictional amount and others that do not … The courts that have decided this issue have uniformly held that the supplemental jurisdiction statute does not provide supplemental jurisdiction for the insufficient claim.

other count, which could have theoretically increased the amount in controversy with relation to

Travel Guard.   As the claim against Travel Guard is unquestionably a state law claim and

permissive joinder is the sole means by which Travel Guard could be joined to this action, §1367

would provide the only means of supplemental jurisdiction.   However, as the court noted in

Protus IP, §1367(b) specifically excludes supplemental jurisdiction for claims against defendants

joined under Fed. R. Civ. P. 20 and permissive joinder, stating

> In any civil action of which the district courts have original jurisdiction founded
> solely on section 1332 of this title, the district courts shall not have supplemental
> jurisdiction under subsection (a) over claims by plaintiffs against person made
> parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or
> over claims by persons proposed to be joined as plaintiffs under Rule 19 of such
> rules, or seeking to intervene as plaintiffs under Rule 24 of such riles, when
> exercising supplemental jurisdiction over such claims would be inconsistent with
> the jurisdictional requirements of [28 U.S.C. §] 1332.

28 U.S.C. § 1367(b) (emphasis added).   Thus, the court does not have supplemental jurisdiction

over the claim against Travel Guard.   Without independent diversity jurisdiction under §1332 or

supplemental jurisdiction under §1367, Count II of the Complaint must be dismissed.

**B.     Travel Guard is entitled to dismissal pursuant to Fed. R. Civ. 12(b)(6) because
Plaintiff has filed to state a claim upon which relief can be granted.**

Additionally, Travel Guard is entitled to have Count II of the Complaint dismissed

because Plaintiff has failed to plead that she tendered her medical expenses or satisfied the

conditions precedent under the subject insurance policy.   Therefore, her claim for breach of

contract is premature and does not state a claim for which relief can be granted.

"Even in these days of notice pleadings a complaint asserting a negligence claim must

disclose that each of the elements is present in order to be sufficient." Iodice v. U.S., 289 F.3d

270, 281 (4th Cir. 2002).   Plaintiff still maintains the burden to allege facts sufficient to state all

of the elements of her claim. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-765 (4th

Cir. 2003).   Plaintiff pleaded that she "purchased a travel insurance policy with Defendant Travel

Guard," that "the policy included coverage for accidents, sickness, medical expenses in the amount of $25,000," and that Travel Guard "had not made any payment for Ms. Diamond's medical expenses pursuant to this policy." <u>See</u> Compl. at ¶¶ 17, 17 and 18.[3]  While Plaintiff pleaded that she purchased an insurance policy from Travel Guard with regard to the trip on which she allegedly suffered the injury, she did not plead that she tendered her medical expenses to Travel Guard.

"In contracts, containing conditions precedent, it is axiomatic that a promisor's duty does not arise until the conditions precedent have occurred or been performed**.**" <u>Shoreham Developers, Inc. v. Randlph Hills, Inc.</u>, 248 Md. 267, 276-77 (1967).  An action on a contract cannot be brought prematurely and, as a rule, conditions precedent must be satisfied prior to performance.  Tendering of a claim with supporting documentation for those medical expenses is an obvious condition precedent to Plaintiff's claim, which Plaintiff impliedly acknowledged in the Complaint as she alleged that the policy included **"coverage for … medical expenses in the amount of $25,000**." <u>See</u> Compl. at ¶ 18 (emphasis added).  Without the allegation that she has satisfied the conditions precedent required under the insurance policy, specifically with regard to tendering a claim, she does not set forth a cause of action for breach of contract against Travel Guard and has failed to plead sufficient facts to state a claim upon which relief can be granted.  For those reasons, this Complaint must be dismissed as to the Defendant Travel Guard.

---

[3] The Complaint contains two successive paragraphs identified as paragraph 17.

## CONCLUSION

Fore the foregoing reasons, Count II of the Complaint for breach of contract must be dismissed.

Respectfully submitted,

_____/s/_____
Thomas J. Althauser (Bar #05770)
Nathaniel K. Risch (Bar #28764)
ECCLESTON AND WOLF, P. C.
Baltimore Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, Maryland  21076
(410) 752-7474
*Attorneys for Defendant Travel Guard Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2009, a copy of the foregoing Defendant Travel Guard Group, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss or in the Alternative or, Motion for Summary Judgment was served electronically via ECF to:

Paul D. Bekman, Esquire
Katharine O. Porwick, Esquire
Salsbury Clements Bekman
   Marder and Adkins LLC
300 West Pratt Street
Suite 450
Baltimore, MD 21201
*Attorneys for Plaintiff*

Donald C. Weinberg, Esquire
Dombroff Gilmore Jaques & French
1676 International Drive
Penthouse
McLean, VA  22102
*Attorney for Defendants United Air Lines and Mesa Air Lines*

_____/s/_____
Nathaniel K. Risch